IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Perry,                          :
                                        : No. 682 C.D. 2015
                 Petitioner             : Submitted:  November 6, 2015
                                        :
            v.                          :
                                        :
Pennsylvania Board of Probation         :
and Parole,                             :
                                        :
                 Respondent             :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  January 28, 2016


        John J. Perry petitions for review of the March 27, 2015, determination
of the Pennsylvania Board of Probation and Parole (Board) denying Perry's petition
for administrative review of the Board's February 6, 2015, decision that recalculated
his parole violation maximum date to May 14, 2016.  We affirm.


        Between March 5, 1998, and March 19, 1998, Perry was convicted of
criminal attempt – unlawful use of computers, criminal attempt – theft, unlawful use
of computers, and receiving stolen property.  (C.R. at 1.)  Perry was sentenced to 3 to
12 years' imprisonment with a parole violation maximum date of August 2, 2009.

(*Id.*) Following Perry's initial release on parole, the Board recommitted and paroled Perry several times, increasing his parole violation maximum date each time.

On October 19, 2012, while on parole from the state correctional institution at Dallas (SCI-Dallas), Perry was arrested and detained on new criminal charges docketed in the Court of Common Pleas of Lackawanna County (trial court). (*Id.* at 82.) On November 20, 2013, the Board recommitted Perry as a technical parole violator. (*Id.* at 66-68.) That same day, Perry was moved back to SCI-Dallas. (*Id.* at 102.) On December 18, 2013, the trial court granted Perry bail, but Perry remained confined on the Board's detainer. (*Id.* at 82, 102.)

On March 20, 2014, Perry pled guilty to the new criminal charges. (*Id.* at 84.) On May 21, 2014, the trial court sentenced Perry to 6 to 12 months in prison. (*Id.*) Also on May 21, 2014, Perry returned to SCI-Dallas after his sentencing. (*Id.* at 102.) On July 14, 2014, the Board recommitted Perry as a convicted parole violator (CPV) to serve nine months' backtime for his conviction of crimes in Lackawanna County, pending completion of and parole from his 6-to-12-month sentence. (*Id.* at 104-05.) On January 23, 2015, the trial court ordered Perry released and paroled to the Board's detainer. (*Id.* at 87.)

In a decision mailed February 23, 2015, the Board recalculated Perry's parole violation maximum date for his original sentence to May 14, 2016. (*Id.* at 108.) On March 13, 2015, Perry submitted a petition for administrative review objecting to the Board's February 23, 2015, decision recalculating his parole

2

violation maximum date. By response mailed March 27, 2015, the Board denied Perry's petition for administrative review. Perry now petitions this court for review.[1]

First, Perry argues that he is due credit on his original sentence for the time he was incarcerated at SCI-Dallas between May 21, 2014, and August 26, 2014, because he was never transferred to a county prison to serve his new 6-to-12-month sentence. We disagree.

Section 9762(a)(3) of the Judicial Code, 42 Pa. C.S. §9762(a)(3), provides that sentences with maximum terms of less than two years shall be served at a county prison within the trial court's jurisdiction. Section 6138(a)(5) of the Prisons and Parole Code (Parole Code) provides:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
>> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
>> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

---

[1] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

> (iii) *In all other cases*, the service of the new term for the latter crime shall *precede* commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(5) (emphases added).

Here, Perry completed his new 6-to-12-month sentence prior to resuming his original sentence, as required by section 6138(a)(5)(iii) of the Parole Code, 61 Pa. C.S. §6138(a)(5)(iii). Although the record does not indicate that Perry served the new sentence in a county prison, Perry is not entitled to receive credit on his original sentence for the period from May 21, 2014, to August 26, 2014, because that time was properly credited to Perry's new sentence that he was then serving.[2] Under section 6138(a)(5) of the Parole Code, an inmate cannot serve an original sentence and a new sentence at the same time. Therefore, the Board did not err in not crediting the time period of May 21, 2014, to August 26, 2014, to Perry's original sentence.

Second, Perry argues that his due process rights were violated because he was unable to petition for parole from his new sentence after he had served his minimum term.[3] We disagree. A prisoner has neither a right to parole nor a "constitutionally protected liberty interest in being released from confinement prior to

---

[2] If Perry wished to object to his not being transferred to a county prison to serve his new sentence, he should have filed a petition for writ of mandamus.

[3] Perry also argues that he was denied due process because the trial court did not credit the period from October 19, 2013, to December 18, 2013, to Perry's new sentence until after he was paroled from his new sentence. However, we need not address this issue because it is unrelated to the order at issue.

4

the expiration of his or her maximum term." *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997) (*en banc*). Here, Perry was paroled from his new sentence before the sentence's maximum 12-month term expired. Why Perry did not apply for parole after serving the minimum 6-month term is irrelevant because Perry had no right to parole. Therefore, Perry was not denied due process.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Perry,                          :
                                        : No. 682 C.D. 2015
                    Petitioner          :
                                        :
            v.                          :
                                        :
Pennsylvania Board of Probation         :
and Parole,                             :
                                        :
                    Respondent          :


                        O R D E R


            AND NOW, this 28th day of January, 2016, we hereby affirm the March

27, 2015, determination of the Pennsylvania Board of Probation and Parole.



                                    _____
                                    ROCHELLE S. FRIEDMAN, Senior Judge